

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable William Yelderman
Assistant County Attorney
Travis County
Austin, Texas

Dear Sir:

Opinion No. O-6224
Re: Right of County Surveyor
to enter upon private pro-
perty, without permission,
to survey to locate corners
of land purchased from State.

Receipt of your inquiry as to the right of your County Surveyor to go upon privately owned land, without consent of the owner, to locate a land corner is hereby acknowledged.

Your letter states that a resident of your county has purchased from the State of Texas a certain pre-emption survey, title to which had previously reverted to the State; that you are informed that about thirty (30) acres of said survey is being held by the adjacent landowner; that the awardee of such survey has engaged the County Surveyor to locate the true boundary between him and said adjacent owner; that in order to relocate obliterated corners, the County Surveyor must go to a known corner situated upon private property of the adjacent owner; that such adjacent owner refuses permission to go on his private property. Your letter then says:

"The query is: Is there any law by which the county surveyor may over the objection of the adjacent landowner begin at such known corner and survey along the boundary line in order to re-establish obliterated corners of State-owned land?"

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Under the facts stated, we find no authority that permits the County Surveyor to go upon land of the adjacent owner without his consent.

In Tex. Jur., Vol 41, page 412, is found the statement: " 'Our court defines a "trespasser on land" as one who, not having title thereto, without consent of the true owner makes entry thereon.'"

The surveyor does not own the adjoining land. It follows that if he does not have consent of the owner or has no authority of law authorizing him to enter upon said property, such entry would be a trespass for which the surveyor would be liable for civil damages.

Article 16, Section 44 of the Constitution of the State of Texas provides in part:

"The Legislature shall prescribe the duties and provide for the election by the qualified voters of each county in this State of a county treasurer and county surveyor. . . ."

We must look to the statutes to determine what duties the Legislature has prescribed for county surveyors. Their principal duties are enumerated in Articles 5287-5291, V.R.C.S., 1925, inclusive. We have examined these statutes and all other statutes that we have found which pertain to the duties of county surveyors. We find no statute expressly authorizing the entry upon private property which is here sought to be made.

The right to enter might possibly be inferred from some statute which made it the duty of the county surveyor to make the survey about which you inquire. However, we are unable to find any statute which makes it his duty to make such survey, under the facts given.

The discontented awardee has his remedy. In the event that he chooses to bring an action of trespass to try title against such adjoining owner, he may avail himself of the advantages given by Article 7380, V.R.C.S. 1925, which reads as follows:

"The Judge of the court may, either in term
time or in vacation, at his own discretion, or
on motion of either party to the action, appoint
a surveyor, who shall survey the premises in con-
troversy pursuant to the order of the court, and
report his action under oath to such court.  If said
report be not rejected for good cause shown, the
same shall be admitted as evidence on the trial."

The Surveyor would then act under a court order, en-
tered by a court having jurisdiction over the party whose
land must be entered.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By          W. T. Curry
            Assistant

WTC:BT:ZH